## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY<br>Office of the General Counsel<br>245 Murray Lane SW, Mailstop 0485<br>Washington, DC 20528,<br><br>*Defendant.* | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Commerce is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 245 Murray Lane SW, Washington, DC 20528.

## STATEMENT OF FACTS

5.      On June 20, 2017 Plaintiff submitted two identical FOIA requests, one to the U.S. Department of Homeland Security ("DHS") and one to the U.S. Customs and Border Protection Bureau ("CBP"), a component of Defendant, seeking the following:

> All emails which mention West Bank country-of-origin marking requirements, and were sent between [DHS or CBP] and any of the following groups: Act Now to Stop War and End Racism, Al-Awda, the Council on American-Islamic Relations, Friends of Sabeel-North America, If Americans Knew, the International Solidarity Movement, Jewish Voice for Peace, the Muslim American Society, Students for Justice in Palestine, or the US Campaign to End the Israeli Occupation (the "BDS Groups").

> All emails internal to [DHS and/or CBP] discussing the efforts of the BDS Groups to strengthen enforcement of the West Bank country-of-origin marking requirements.

The timeframe of the request was identified as February 2, 2015 through January 25, 2016.

6.      According to email records and correspondence, the requests were received by DHS and CBP on June 20 and 21, 2017.

7.      The requests to DHS and CBP were assigned Tracking Numbers 2017-HQFO-00945 and CBP-2017-066723 respectively.

8.      As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.      Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request by August 2, 2017 at the latest. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination; and (iv) make the records available promptly thereafter.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12.      Because Defendant failed to determine whether to fully comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-

exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records

withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and

all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of

attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §

552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 15, 2017                                  Respectfully submitted,

                                                          *s/ Chris Fedeli*
                                                         Chris Fedeli
                                                         D.C. Bar No. 472919
                                                         JUDICIAL WATCH, INC.
                                                         425 Third Street SW, Suite 800
                                                         Washington, DC 20024
                                                         (202) 646-5172

                                                         *Counsel for Plaintiff*